United States v. Donovan 19-6167 and counsel we are ready when you are. Morning your honor and may it please the court Caleb Kruckenberg for William Donovan. The government and the U.S. probation officer, U.S. probation office emphasized repeatedly their belief that Mr. Donovan had been involved in a agency burglaries and that was a significant part of the government's presentation at sentencing for the unrelated supervised release violations and while the district court said that it was improper to consider those allegations in crafting his sentence the court still said there quote might be something there there was quote some substance and looking at the record he was concerned that mr. Donovan's conduct was quote considerably more serious than what had been alleged by the government and then the court issued a sentence that was above the guideline range it was six months beyond the guideline range and it was because of the uncharged tag agency burglaries when how do you say that is he the court not only said what he didn't do the he said I did not take into account the tag burglaries because that would be improper and then he said what he did do I did give you an uptick because of your job with vantage point and your non-disclosure and deceptiveness about continuing your wrongful behavior so we've got both a push and a pull here standing in a gate that the court considered that in the sentencing well certainly the the court said that and and the court made those remarks and I I think when we look at the whole and we look at the sentencing transcript it's tells a very troubling story in the sense that the government for appeared at sentencing and presented an extensive presentation about this entire course of conduct this entire idea that mr. Donovan was involved in these tag agency burglaries that he had downloaded software he did acquired all sorts of new he committed new offenses that somehow related to the tag agency burglaries you know there was extensive commentary at the sentencing hearing about the surveillance video showed a very tall individual they couldn't make out and and that was a reference to mr. Donovan who is very tall and and then at the end of that the judge said you know there these are concerning I mean the courts words were that there were some substance to this there might be a new burglary and the court specifically said quote the evidence here I think is sufficient to persuade me that he might be involved in this other burglary the court also said there was no reason there was no he could think of no of he downloading that kind of stuff the software that the government had alleged but then he immediately the court immediately says but I don't think it's appropriate for me to proceed on the assumption he's been out bumping off tag agencies and he goes on as judge eball already pointed out to explain that he's the reason that we have an upward variance is because of the concern with the dishonesty to the probation officer that's right your honor and I think what we have is a situation where the record is very ambiguous certainly the judge said these things he said it is improper to do this it isn't proper to take this into consideration but when you look at the argument this was the primary argument of the government and this is certainly what the sentencing court discussed extensively well here here here's where we have said something that is the core of your problem you say here we have a and yet you never objected now you say that should be excused because it was on the court's mind the record knew what our position was but the very purpose for insisting upon lawyers and parties objecting is to clear up ambiguity so I agree with your acknowledgement maybe about ambiguousness but well I guess I don't know I'm not going to say whether I agree with that or not but assuming that were true doesn't that make your failure to object more serious as a as a waiver of the claim well I don't think so your honor because we have a situation where the district court did acknowledge very clearly as you've pointed out the district court acknowledged that it would be improper to consider the uncharged burglaries as a sentencing enhancement and then at least it is very ambiguous from that point whether the district court then did consider that evidence and I think I don't see any ambiguity at all the district court says it would be yeah you've just argued all this stuff to me and you know you make there may be some substance there but it would be improper for me to consider that and I'm not going to the breach of the duty of truthfulness and candor to probation officer is serious enough matter that there needs to be a meaningful sentence imposed here and so that's what I'm going to do I mean I I mean with all due respect to my colleague I don't see any ambiguity I think this the court understood what was proper and what wasn't and what you're asking us to do is to try to read the court's mind and say despite your announcement that you wouldn't consider it and this is what you're ruling on we're going to impute to you some bad intent here and I guess I don't think there's any precedent that would let us do that well your honor aside from just the court's comments I think it is worth looking at this in context I mean if you look at the report from the probation office the tag agency burglaries were driving the report and I think that was also clear from the presentation by the government and it's very difficult to look at the record and suggest that regardless of those allegations and how much those allegations factored into the government's request for a sentence and also probation's request that it had no bearing on it I think what would have been appropriate for the district court to do and really this is the only remedy we're asking for is to conduct the sentence without hearing that evidence without getting into that discussion without the presentation of this uncharged conduct because really what the government was trying to do was drive the sentence based on those unproven facts and without giving mr. Donovan any opportunity to challenge them and I think this is something that the government essentially recognized the sentencing and they said we can't prove the new burglary now but we're still going to mention it and we're still going to talk about how we think it is mr. Donovan and make a presentation about that I don't know how you say that you didn't have an opportunity you were in the hearing you were in the in the ascending hearing and you certainly had the opportunity to say wait wait wait that's improper or we want to get evidence or you I don't know what you would have said and I I thought I was clear before saying that I'm not agreeing that there was anything improper here I was just saying that if there was and you argue that it was ambiguous doesn't that just make it more serious that you didn't object at that point to try to clarify the ambiguity well your honor just to clarify I was not trial counsel but I know that I'm there's a situation where trial counsel is appearing in front of the court and the court is recognizing the appropriate limits but then the court is is making statements that suggest that the judge is not respecting those limits and the question that has to be what is the purpose of a further objection because trial counsel is not going into this hearing thinking that this is going to be a trial on the tag agency burglaries I mean that wasn't an allegation that wasn't a sentence that wasn't an allegation an alleged violation and then what what happened is they went to sentencing and that's what the government argued and that's what the government relied on and I think in that context trial counsel is not supposed to be be there ready to defend these that haven't even been alleged and and so the argument I guess your honor is there is no utility to a further objection at that point and the one case that I would I would cite to this court and that I would rely on it is an out of circuit case but it's United States versus a rinse yaba and that's a case that we cited in the brief it is very similar circumstances to this case there that the district court made very similar comments the district court actually said in that case it was improper to consider uncharged conduct and then the court arguably had driven the sentence based on that uncharged conduct and the 11th Circuit reversed saying that that kind of commentary is enough to create the ambiguity and enough to create a doubt about what was for resentencing and there was no mention of lack of preservation there and and I think that's because of the same situations because the court had acknowledged the impropriety of driving the sentence based on those those kind of comments and your honors if there are no other questions I would just like to thank you good morning may it please the court Charles Brown for the United States I would like to start by addressing defense counsel's argument which already has been I think addressed by the panel and that is that there was no ambiguity whatsoever in the district courts selection of the sentence in the the sentence and then ultimately in what drove the district court sentence and that was let me ask you this if everyone agrees that it would be improper for the sentencing judge to consider this uncharged conduct of these most recent tag burglaries why on earth was there a bunch of evidence put on about that at I would disagree with that characterization I do not think it was improper I don't think it would have been improper for the court to consider the facts that mr. Donovan was purportedly involved in the tag agency burglaries what I would note is that the facts showed that his vehicle had been picked up on surveillance video on two of the three tag agency burglaries and then the facts also showed that a very large individuals approximately six five or so was captured on surveillance in one of the burglaries that was referenced in the violation report and then the government at the revocation hearing referenced that as well and and I think if you look at 18 USC section 36 61 judge once we're dealing with the sentencing phase of the revocation hearing there's very little restriction on what information the court the there is a minimal indicia of reliability your honor and I think when you look at at the violation report it contains information from a Mustang detective the lead investigator in the tag agency burglaries contacted the probation officer provided all the evidence and explained the investigation and explained how they were able to link mr. Donovan to those burglaries second  officer who actually conducted the search at mr. Donovan's house where she walked in and mr. Donovan had computer screens up where he was illegally downloading software mr. Donovan had a USB Drive on this person that contained substantial number of person victims information including all the personal identifying information your honor so I think all that information was appropriately could have been appropriately considered by the district court had the district court wanted to consider it however the district court expressly stated that it would not consider any information related to the tag agency burglaries I would point out that in my advocacy at the district court I did bring up all the information and try to contrast it against mr. Donovan's criminal history which is you know what he had done previously and why we were at that revocation hearing your honor last October and at that point time the the district court interrupted me and asked or inquired into the status of the the tag agency burglary investigation I explained to the court that it was indeed ongoing and then the court essentially told me no further information needed on that I'm not going to entertain any information related to it and when you look at volume 3 page 16 17 and 18 that's did judge the district court was emphatic when it said quote for present purposes I am NOT going to assume that the defendant committed that further offense that is not why I am that is not why I am sentencing here today I think it's premature for me to assume that the defendant has you know gone back to the same course of conduct so there's yes your honor well I'm just gonna ask does the pre-sentence report contain other factual statements about post offense conduct by this defendant either pro or con that is that he was rehabilitating or he was behaving himself or he hadn't had further bad tests or or anything or was this was this tag burglary suspicion the only post-crime event mentioned in the pre-sentence report no your honor I would direct the panel's attention to volume 2 and that is the violation report that was filed on the eve of the revocation hearing it's a six-page report and of the six pages there is one paragraph that discusses the the the interview or the communications that the probation officer had with the Mustang detective regarding the tag agency burglaries the remaining information in there outlines mr. Donovan's extensive use of methamphetamine at least nine positives there's also a very detailed discussion about the vantage point employment and that and that is ultimately what was dispositive when it came to why the district judge chose to page three the probation officer explains the detailed discussion that she had had with mr. Donovan early in the summer of 2019 when he approached her and he explained he wanted to secure employment at vantage point ITAD judge and vantage point ITAD is an information technology asset disposition firm they essentially they go into businesses they take their old computer hardware they wipe the hard drives of all the information and then they essentially resell them on the market and give a portion of those proceeds to the firm from which they bought them when when mr. Donovan explained that to the probation officer as reflected on page 3 of volume 2 she was extremely concerned given his background with defrauding previous employers so she admonished him that he could not start that employment until she had had a very detailed discussion with that employer about his criminal history mr. Donovan agreed that he would not pursue that employment until he made subsequent advancements in his rehabilitation and in his supervision however we know that is not what happened your honor because during the same search in October 2019 several months after this discussion in addition to finding all the other legal contraband to include the USB drive that had all the victim's information on it the probation officer found a check stub from vantage point ITAD from August of 2021 she then confronted mr. Donovan with that and he admitted he had indeed been working for that firm and that is your honor again going back to ambiguity that vantage point ITAD which is outlined at length in the violation report is what the district judge spent the majority of its time discussing when announcing the sentence I would point out that in the district judge's comments there's a couple paragraphs that reference the tag agency burglaries and that explain why the judge is not going to consider the tag agency burglaries and then the district judge spends the rest of its time and the rest of its comments outlining the egregiousness of the lies to the probation officer with respect to the employment at vantage point ITAD there's no question your honors when you look at the record as a whole you realize that the only reason the judge sentenced mr. Donovan to 18 months was because of the lies to the probation officer with respect to ITAD and and I think if there were any question no one judge you look at the very last page of volume 3 which is the revocation transcript and that's page 22 after the court announced its sentence after the court asked the parties whether or not there was anything else that needed to be taken up and each party affirmatively represented there was not the district judge then addressed mr. Donovan in open court and the quote was mr. Donovan I suggest you work very hard to get pointed a different direction you have got to work with the probation officer you have got to play straight with them and that was the end of the hearing and that was the judge again just reiterating to mr. Donovan his his that his decision that he had just received an 18-month sentence because he was not playing straight with the probation office it had nothing to do with the tag agency burglaries had nothing to do with all the victims information that was on mr. Donovan's person at the time of the search the Senate's had everything to do with mr. Donovan playing straight with the probation office and lying to the probation office about working for Vantage Point ITAD I would just point out your honors that in mr. Kruckenberg's brief there is absolutely no reference whatsoever there's no citation no regarding mr. Donovan's lies to the probation officer and when you read the record as a whole it's certainly clear that that is the reason that the judge selected the 18-month sentence against mr. Donovan your honors if there are no further questions I would yield the remainder of my time and I would respectfully request that the court affirm the district courts judgment in mr. Kruckenberg I believe you have some rebuttal time yes your honor and also if this court has no other questions I will yield the rest of my time and we respectfully request reversal and a remand for resentencing thank you thank you we will take this case under advisement we appreciate your argument today